```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JULIA L. JAMES,
```
                        Plaintiff,         **MEMORANDUM ORDER**

    - v -

                                           CV-01-1106 (RJD)(VVP)

FEDERAL RESERVE BANK, et al.,

                        Defendants.
----------------------------------------------------------x

       In accordance with the court's direction the defendants have submitted an explanation of the scope of the plaintiff's medical records which they seek, and the justification therefor. As is clear from the plaintiff's own statements on the record, she is contending that the physical and mental injuries allegedly caused by the defendants span twenty years. Accordingly, the defendants are entitled to obtain all medical records of treatment the plaintiff has received during that span of time. Although the plaintiff has a right of privacy concerning her medical records, if she wishes to introduce evidence in court concerning her physical and mental injuries, she must give up that right. She cannot contend, on the one hand, that she wishes to keep those matters private, and yet on the other hand testify and offer other evidence about them in open court at trial. *See, e.g., Manessis v. New York City Dept. of Transp.*, No. 02 Civ. 359, WL 31115032, at \*1 -2 (S.D.N.Y. Sept. 24, 2002); *Gill v. Gilder*, No. 95 Civ. 7933, 1997 WL 419983 at \*3 (S.D.N.Y. July 28, 1997); *Kerman v. City of New York*, No. 96 Civ. 7865, 1997 WL 666261, \*3 (S.D.N.Y. Oct. 24, 1997). Thus, if the plaintiff wishes to keep matters concerning her physical and mental health private, she will not be permitted to offer any evidence about them at trial, which means she will be unable to prove any claims of disability and she will be unable to obtain any monetary award for any physical and mental injuries.

       The court is advised by the defendants that the plaintiff has revoked the authorizations for her medical records which she had previously provided. If that is the case, the plaintiff is hereby ordered to provide new authorizations, properly notarized, within twenty days. (The plaintiff must also provide promptly, upon request, any additional authorizations concerning treatment which were not previously provided.) Failure to do so will result in an order precluding the plaintiff from offering evidence at trial concerning her physical and mental

condition, including any injuries she may have suffered. To the extent that the plaintiff's revocation of authorizations prevents the completion of discovery within the time limits set by the court, the defendants will be afforded additional time to complete discovery.

**SO ORDERED:**

*Viktor V. Pohorelsky*

Dated: Brooklyn, New York
May 8, 2006

VIKTOR V. POHORELSKY
United States Magistrate Judge