UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JULIA JAMES,

                          Plaintiffs,

-against-

FEDERAL RESERVE BANK OF NEW YORK,

                          Defendant.
------------------------------------------------------------------ x

01 CV 1106 (ARR)(VVP)

<u>NOT FOR ELECTRONIC OR PRINT PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

I have received the Report and Recommendation on the instant case dated November 13, 2008 from the Honorable Viktor Pohorelsky, United States Magistrate Judge. Judge Pohorelsky evaluated and recommended the following disposition of the settlement proceeds: that the court enter an order requiring plaintiff's attorney, David Wims, to pay over to plaintiff $15,250, which constitutes the difference between the amount she actually received ($101,750) and the amount of the proceeds designated as hers pursuant to the settlement agreement, less the amount she paid to her prior lawyer to satisfy his lien ($125,000 - $8,000 = $117,000).

Wims did not file an objection to the Report and Recommendation. Plaintiff, however, did file objections to the Report and Recommendation on November 21, 2008. Having conducted a <u>de novo</u> review of the record, <u>see</u> 28 U.S.C. § 636(b)(1), this court finds Judge Pohorelsky's recommendations as to the distribution of fees to be reasonable and plaintiff's objections to this distribution to be without merit, and hereby adopts the Report and Recommendation as the opinion of the court for the reasons discussed below.

1

## DISCUSSION

Plaintiff essentially raises two objections to Judge Pohorelsky's Report and Recommendation. First, plaintiff objects to Judge Pohorelsky's conclusion that $8,000 should be deducted from her $125,000 settlement to pay her prior attorney, Mr. Kinigstein, who had placed a lien upon any settlement reached in this case. See James Letter, Dkt. No. 203, at 3 (Nov. 21. 2008). In a hearing regarding the disposition of the settlement fund, Ms. James informed Judge Pohorelsky that she had authorized her attorney, Mr. Wims, to pay Mr. Kinigstein $8,000 to settle the lien. See Tr. at 19 (August 28, 2008). Indeed, she stated, "So in order for me to end all this tension about the lien on my settlement and all, I just went on and gave him [Mr. Wims] – I said, okay, I'll do that. . . . I just go ahead and agree to do this but I knew I intended to fight it later because I was in such a financial hardship." Tr. at 19-20. Regardless of whether plaintiff intended to fight the lien at a later date, she clearly authorized her attorney to pay Mr. Kinigstein $8,000 so that her hard-fought settlement would be unencumbered by the lien. Mr. Wims merely followed her instruction when he paid Mr. Kinigstein out of plaintiff's settlement fund. Having instructed her attorney to settle the lien, plaintiff cannot now object to Mr. Wims following her direction. Therefore, the court adopts Judge Pohorelsky's conclusion that Mr. Wims properly deducted $8,000 from plaintiff's settlement fund to settle the lien placed on the award by Mr. Kinigstein.

Second, plaintiff objects to Mr. Wims receiving $8,000 in fees pursuant to the settlement agreement for his participation in the settlement of this case. See James Letter, Dkt. No. 203, at 3 (Nov. 21. 2008). Ms. James contends that the fee is "an award for violating her, misrepresentation, and wrongfully deceiving her, Court and defendants." See James Letter, Dkt.

2

No. 203, at 3 (Nov. 21. 2008). The $8,000 in fees Mr. Wims received, however, was reached separate and apart from the $125,000 settlement awarded to plaintiff. In other words, the $8,000 sum was not subtracted from plaintiff's settlement. Furthermore, at no time during the August 28, 2008 hearing Judge Pohorelsky conducted inquiring into the distribution of the settlement fund did plaintiff object to the $8,000 fee awarded to her attorney under the settlement agreement's terms. Rather, she only objected to retainer agreement which provided that Mr. Wims would receive 25% of any settlement. See Tr. at 34 (August 28, 2008). Therefore, the court agrees with Judge Pohorelsky's recommendation that Wims receive the sum designated in the settlement agreement for attorney fees.

## CONCLUSION

For the foregoing reasons, the court adopts Judge Pohorelsky's recommendation requiring Wims to pay over to Plaintiff $15,250. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: December 16, 2008
      Brooklyn, New York

SERVICE LIST:

       Julia James
       1540 East 102nd Street
       Apartment 4G
       Brooklyn, NY 11236

       David C. Wims
       1430 Pitkin Avenue
       2nd Floor
       Brooklyn, NY 11233

       Barry M. Schindler
       Federal Reserve Bank of New York
       33 Liberty Street
       7th Floor
       New York, NY 10045

cc:    Magistrate Judge Viktor Pohorelsky